IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CECIL DUBOIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 24-cv-03049-LKG |
| ) | |
| v. ) | Dated: January 2, 2025 |
| ) | |
| VINCENT MYRON BRANCH, *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER ON MOTION TO REMAND

### Introduction

Plaintiff, Cecil Dubois, has moved to remand this civil action to the Circuit Court for Prince George's County, Maryland. ECF No. 6. Defendants Vincent Myron Branch and Supervalu Transportation, Inc. ("Supervalu"), oppose the Plaintiff's motion to remand. ECF No. 12. The motion to remand is fully briefed. ECF Nos. 6, 12. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** Plaintiff's motion to remand.

### Background

On September 13, 2024, Plaintiff commenced this negligence action against the Defendants, Vincent Myron Branch and Supervalu Transportation, Inc., in the Circuit Court for Prince George's County, Maryland. ECF No. 3. In the complaint, Plaintiff alleges that, on August 23, 2023, he was driving northbound in the fourth lane from the left on Crain Highway in Prince George's County, Maryland. *Id*. at ¶ 7. Plaintiff alleges that, at the same time and place, Defendant Branch was driving northbound in the third lane from the left on Crain Highway. *Id*. at ¶ 8. Plaintiff also alleges that Defendant Branch made an unsafe lane change into Plaintiff's lane and struck Plaintiff's vehicle, which caused Plaintiff's vehicle to "spin out across all four lanes of traffic" before "coming to rest on the curb of the center median." *Id*.

Plaintiff further alleges that Defendant Branch was operating a vehicle owned by Defendant Supervalu when this incident occurred, and that he was doing so with Defendant Supervalu's "consent and permission and/or instruction." *Id*. at ¶¶ 9-10. In this regard, Plaintiff alleges that Defendant Branch was acting as an agent of Defendant Supervalu when he struck Plaintiff's vehicle. *Id*. at ¶ 10. And so, Plaintiff alleges that he has suffered pain, immobility, disfigurement, humiliation and isolation as a result of Defendants' joint and several negligence, which has caused him "to expend great sums of money for hospitals, physicians, and related care and treatment." *Id*. at ¶ 39.

On October 21, 2024, Defendants removed this case from the Circuit Court of Prince George's County to this Court. ECF No. 1. In the notice of removal, Defendants state that removal is appropriate, because: (1) Plaintiff is a resident of Maryland; (2) Defendant Branch is a resident of Virginia; and (3) Defendant Supervalu is a Minnesota corporation with its principal place of business in Minnesota. *Id*. at ¶ 6. And so, the Defendants maintain that the Court possesses original diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a). *Id*. at ¶ 7.

On October 22, 2024, Plaintiff filed a motion to remand. ECF No. 6. On October 25, 2024, Defendants filed a response in opposition to Plaintiff's motion. ECF No. 12.

Plaintiff's motion to remand having been fully briefed, the Court resolves the pending motion.

## Standards of Decision

**A. Diversity Jurisdiction And Removal Of State Court Actions**

It is well-established that federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S 375, 377 (1994). Specifically, district courts possess jurisdiction over civil actions where the matter in controversy exceeds $75,000.00 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be "complete diversity," meaning that "none of the plaintiffs may share citizenship with any of the defendants." *Khaliq v. Parexel Int'l*, 2018 WL 39998967, at *1 (D. Md. Aug. 21, 2018) (quoting *Owens-Ill., Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999)).

Relevant to the pending motion to remand, a defendant may remove a case filed in state court to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1441, if: (1) there is complete diversity between all named plaintiffs and all named defendants and (2) no defendant is a citizen of the forum. *See* 28 U.S.C. § 1441(b). The United States Court of Appeals for the Fourth Circuit has held that complete diversity of citizenship must be established at the time of removal. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (holding that a case must fall "within the 'original jurisdiction' of the federal court"). The Fourth Circuit has also held that the party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted); *see also Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (noting that the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction."); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

This Court must remand any case in which it lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). Given this, if the plaintiff challenges removal in a motion to remand, the burden is on the defendant to demonstrate that removal jurisdiction is proper. *Strawn*, 530 F.3d at 297; *see also Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009). The Fourth Circuit has held that removal jurisdiction is strictly construed. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). And so, "any doubts should be resolved in favor of state court jurisdiction." *Barbour v. Int'l Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

### Analysis

Plaintiff has moved to remand this matter to the Circuit Court for Prince George's County, Maryland, upon the grounds that the Court does not possess subject-matter jurisdiction

over this case.  *See generally* ECF No. 6-1.  In this regard, Plaintiff argues that he and Defendant Supervalu are both citizens of Maryland, thereby precluding diversity jurisdiction in this case.  *Id*. at 2-3.  Defendants counter that removal of this matter was appropriate, because Plaintiff is a resident of Maryland, Defendant Branch is a resident of Virginia and Defendant Supervalu is a Minnesota corporation with its principal place of business in Minnesota, ensuring complete diversity of citizenship between the Plaintiff and all Defendants.  *See generally* ECF No. 12.  And so, Defendants request that the Court deny Plaintiff's motion to remand.  *Id*. at 3.

For the reasons that follow, the pleadings and facts in this case make clear that the Court possesses subject-matter jurisdiction over this case, because (1) there is complete diversity between the Plaintiff and all Defendants and (2) no Defendant is a citizen of Maryland.  And so, the Court DENIES Plaintiff's motion to remand.

As an initial matter, Defendants persuasively argue that a remand of this civil action to the Circuit Court for Prince George's County is inappropriate, because the Court has subject-matter jurisdiction over this case.  As the parties seeking to remove this action to federal court, Defendants bear the burden of "demonstrat[ing] the federal court's jurisdiction over the matter." *Strawn*, 530 F.3d at 296 (citation omitted).  Because the Defendants removed this case on the basis of diversity jurisdiction, they must show that: (1) there is complete diversity between Plaintiff and all named Defendants and (2) no Defendant is a citizen of the forum.  *See* 28 U.S.C. § 1441(b).

It is undisputed that Plaintiff is a resident of Maryland.  ECF No. 1 at ¶ 6; ECF No. 3 at ¶ 4.  It is also undisputed that Defendant Branch is a resident of Virginia.  ECF No. 1 at ¶ 6; ECF No. 3 at ¶ 5.  And so, whether the Court has subject-matter jurisdiction over this case turns on whether Defendant Supervalu is a citizen of Maryland.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c).  Defendant Supervalu is incorporated in Minnesota and maintains its principal place of business in Eden Prairie, Minnesota.  ECF No. 6-6; *see also* ECF No. 12 at ¶ 2.  Given this, for purposes of diversity jurisdiction, Defendant Supervalu is a citizen of Minnesota only.

Plaintiff nonetheless argues that there is not complete diversity in this matter, because he issued a summons to Defendant Supervalu *via* the company's registered agent in Maryland. ECF No. 6-1 at 2-3. But, the Court observes that Maryland law requires out-of-state corporations to register with the State Department of Assessment and Taxation before conducting business in Maryland. Md. Code Ann., Corp. & Ass'ns §§ 7-202, 7-203. The Court also observes that registration by an out-of-state corporation does not, by itself, establish citizenship in Maryland. *See id*. at § 2-101 *et seq*. And so, Defendant Supervalu is not a citizen of Maryland simply because it maintains a registered agent in Maryland.

Because Plaintiff is a resident of Maryland, Defendant Branch is a resident of Virginia and Defendant Supervalu is a Minnesota corporation with its principal place of business in Minnesota, and is not otherwise a citizen of Maryland, there is complete diversity between the Plaintiff and all Defendants in this case and no Defendant is a citizen of the forum. *See* 28 U.S.C. § 1441(b). Given this, the Court has subject-matter jurisdiction over this case.

## Conclusion

Because the facts and pleadings before the Court show that the Court has subject-matter jurisdiction over this matter, the Court **DENIES** Plaintiff's motion to remand (ECF No. 6).

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge